UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AMERICAN INCOME LIFE INSURANCE COMPANY,

    Plaintiff(s),

v.

MARTHA V. M. LOPEZ,

    Defendant(s).

2:11-CV-2068 JCM (PAL)

**ORDER**

Presently before the court is plaintiff American Income Life Insurance Company's application for entry of default judgment against defendant Martha V. M. Lopez. (Doc. # 11).

**I.    Background**

This case arises out of defendant, as beneficiary of a life insurance policy, filing a claim with plaintiff to receive benefits under the policy. Defendant's claim asserts that James Gonzalez, the policy holder, died while on family business in Nicaragua. Under the policy, defendant is to receive either $115,182 for base coverage or $100,000 for accidental coverage.

Plaintiff contends that Mr. Gonzalez misrepresented his health condition when he applied for the life insurance policy, thus invalidating the policy. Plaintiff further contends that there are a myriad of inconsistencies in defendant's statements regarding Mr. Gonzalez's death, thus demonstrating defendant's inability to prove the policy holder's death as required by the policy.

**James C. Mahan**
**U.S. District Judge**

1    On December 22, 2011, plaintiff filed a complaint in this court requesting recission and declaratory relief. (Doc. # 1). Defendant was timely served (doc. # 7-2, ex. A); however, defendant has not appeared in this action since service (*see* docket generally). On May 4, 2012, plaintiff filed a motion for entry of default against defendant. (Doc. # 7). On May 7, 2012, the clerk's office entered default as to defendant. (Doc. # 10).

**II.    Legal Standard**

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." FED. R. CIV. P. 55(b)(2).

On May 7, 2012, the clerk entered default against defendant for her failure to plead or otherwise defend the instant lawsuit. (Doc. # 10). Pursuant to Federal Rule of Civil Procedure 55(b)(2), plaintiff now asks this court to enter default against defendant.

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* FED.R.CIV.P. 9(b).

**III.    Discussion**

The first *Eitel* factor favors default judgment. Plaintiff may be prejudiced if the contract is not rescinded because Gonzalez obtained the life insurance policy by misrepresenting the condition

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 of his health. (Doc. # 11, ¶ 4). Further, plaintiff may be prejudiced if not afforded declaratory relief
2 stating that defendant does not have a claim under the policy. That is, plaintiff will be subject to suit
3 brought by defendant on this issue if defendant is not enjoined from asserting rights under the policy.
4 Thus, if plaintiff's motion for default judgment is not granted, plaintiff will likely be without other
5 recourse to protect itself from suit.

6     The second *Eitel* factor weighs in favor of default judgment. Plaintiff alleges two causes of
7 action, rescission and declaratory relief. While the court acknowledges that rescission is a form of
8 relief, rather than a cause of action; the court finds that the claims that serve as the basis of this relief,
9 fraud and misrepresentation, do have merit.

10     The third *Eitel* factor is neutral. If plaintiff's complaint were scrutinized on a contested basis
11 under the scrutiny of Rule 9, it is unlikely plaintiff's complaint would be considered to be
12 sufficiently pled. However, defendant waived her right to contest plaintiff's complaint and subject
13 the allegations to this higher pleading standard when she failed to file a responsive pleading. Thus,
14 the court finds that this factor weighs neither in favor nor against default judgment.

15     Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to
16 the seriousness of defendant's conduct. *PepsiCo, Inc. v. Cal. Security Cans*, 238 F.Supp.2d 1127,
17 1176 (C.D. Cal. 2002). The sum in controversy is over $100,000 based on Gonzalez's, not
18 defendant's, misrepresentations to plaintiff. Thus, this factor also does not favor default judgment.
19 (Doc. # 11, ¶ 4).

20     The fifth *Eitel* factor favors default judgment. Despite the insufficiency of plaintiff's
21 complaint, "no genuine dispute of material facts would preclude granting [plaintiff's] motion." *Cal.*
22 *Security Cans,* 238 F.Supp.2d at 1177. Defendant did not answer the complaint, thus "the factual
23 allegations of the complaint . . . will be taken as true." *Geddes*, 559 F.2d at 560.

24     Applying the sixth factor, the court cannot conclude that defendant's default is due to
25 excusable neglect. Defendant was properly served with summons and the complaint. (*See* doc. # 6).
26 Defendant's failure to respond or litigate this case cannot be attributable to excusable neglect. *United*
27 *States v. High Country Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that it was
28

**James C. Mahan**
**U.S. District Judge**

"perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action through licensed counsel).

The final *Eitel* factor weighs against default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans,* 238 F.Supp. at 1177 (citation omitted). Moreover, defendant's failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.*

Having reviewed plaintiff's motion and supporting exhibits, and having considered the *Eitel* factors as a whole, the court concludes that entry of default judgment is appropriate against defendant.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's application for entry of default judgment (doc. # 11) be, and the same hereby is, GRANTED.

DATED October 9, 2012.

_____
**UNITED STATES DISTRICT JUDGE**